# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

VERONICA VALDIVIA, an individual, )
                                   )
         Respondent, )
                                     )
         v. )
                                       )
DALYNNE SINGLETON, Administrator )
of the ESTATE OF ELMER K. )
TURNGREN, Deceased, and SALLY )
ANN TURNGREN, wife of Elmer K. )
Turngren, Deceased, individually and )
the marital community comprised )
thereof, )
                                     )
         Appellants. )

No. 74719-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: April 24, 2017

TRICKEY, A.C.J. — In this personal injury action, Elmer Turngren appeals a trial court order granting partial summary judgment on the issue of damages in favor of Veronica Valdivia. Because a genuine issue of material fact exists as to the necessity of the care Valdivia received, we reverse and remand for trial.

## FACTS

On January 8, 2014, Elmer Turngren[1] and Veronica Valdivia were involved in an automobile collision. Following the collision, Valdivia experienced neck and back pain, and sought treatment from several chiropractors.

On August 11, 2014, Valdivia sued Turngren, alleging that Turngren's negligence caused the accident. Turngren admitted that he caused the collision and was liable for injuries that Valdivia suffered as a result. However, Turngren

---

[1] Elmer Turngren passed away in February 2016 and his estate has been substituted as a party in this action. This court entered an order changing the case caption on November 16, 2016. See RAP 3.4. We use the surname Turngren to refer either to Elmer Turngren or to his estate, as the context dictates.

disputed the extent to which Valdivia was injured in the collision and the necessity of the treatment Valdivia sought.

Valdivia filed a motion for partial summary judgment seeking an order finding that, as a matter of law, she was entitled to judgment against Turngren for her medical expenses. In support of her motion, Valdivia submitted medical bills totaling $8,700. Valdivia also submitted declarations from Dr. Trevor Nabholz and Dr. Ryan Coogan outlining a diagnosis of her injuries and the treatment they provided to her.

In response, Turngren submitted a declaration of Dr. Austin McMillin, who examined Valdivia and reviewed her medical records pursuant to CR 35. Dr. McMillin criticized the diagnosis made by Dr. Coogan and Dr. Nabholz and opined that some of the care they provided was either unnecessary or inappropriate.

On February 8, 2016, the trial court granted partial summary judgment in favor of Valdivia, and ordered that a jury would be instructed at trial that Valdivia "has demonstrated an entitlement to judgment against Defendant Elmer Turngren for past medical expenses in the amount of $8,700."[2] Turngren appeals.

## ANALYSIS

A motion for summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). In a motion for summary judgment, the moving party bears the initial burden of showing that no material fact exists. Young v. Key

---

[2] Clerk's Papers (CP) at 183.

Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). The burden then moves to the nonmoving party to "'make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "Questions of fact may be determined as a matter of law 'when reasonable minds could reach but one conclusion.'" Owen v. Burlington N. Santa Fe R.R. Co., 153 Wn.2d 780, 788, 108 P.3d 1220 (2005) (quoting Hartley v. State, 103 Wn.2d 768, 775, 698 P.2d 77 (1985)). We review a grant of summary judgment de novo, considering the facts in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

When the evidence concerning injuries and treatment is conflicting, it is for the jury to resolve. Herriman v. May, 142 Wn. App. 226, 232-33, 174 P.3d 156 (2007). "An affidavit expressing an expert's opinion may be sufficient to create a genuine issue of fact and thus preclude summary judgment." Bowers v. Marzano, 170 Wn. App. 498, 505, 290 P.3d 134 (2012). "But in order to preclude summary judgment, the expert's affidavit must amount to more than mere speculation or conclusory statements." Bowers, 170 Wn. App. at 505.

Here, considering the facts in the light most favorable to Turngren, Turngren has established a genuine issue of material fact as to the necessity or appropriateness of the care Valdivia received. For example, Dr. McMillin disputed Dr. Coogan's diagnosis of cervical "ligament laxity" upon which Dr. Coogan based

3

Valdivia's treatment.[3] Dr. McMillin argued that this diagnosis was not supported by clinical evidence. He noted that Valdivia's x-ray showed "postural distortions leading to segmental rotational positioning abnormalities associated with underlying regional scoliosis" and that "[t]hese positioning abnormalities prevent an adequate templating analysis of the patient's cervical spine, which in turn prevents a clinically reasonable diagnosis of cervical ligament laxity or instability."[4]

According to Dr. McMillin, if Valdivia "was actually suffering from cervical ligament laxity or instability at the time she received prone drop-table extension-force adjustments and weighted cervical extension traction, which are contra-indicated as related to the extension cervical ligament laxity injuries claimed to be present by Dr. Coogan, her condition would likely have worsened with treatment."[5] Dr. McMillin noted that Valdivia's recovery "in the days and weeks following the initial presentation for care in January 2014 [was] inconsistent with traumatic spinal ligament laxity or instability, further indicating that ligament laxity was not present."[6]

Dr. McMillin also argued that Dr. Nabholz and Dr. Coogan failed to adequately review Valdivia's medical records, which showed "a significant historical documentation of longstanding bilateral upper extremity pain and paresthesia."[7] According to Dr. McMillin, Valdivia's records showed evidence of

---

[3] CP at 59.
[4] CP at 133.
[5] CP at 135.
[6] CP at 135.
[7] CP at 134.

4

"vertebral body compression" as far back as 2008, suggesting that Valdivia's symptoms were not caused entirely by the collision.[8]

Finally, Dr. McMillin challenged the appropriateness of the care provided by Dr. Coogan and Dr. Nabholz. For example, Dr. McMillin stated that Dr. Nabholz and Dr. Coogan provided care that "was almost exclusively passively oriented" but that "active care" was more consistent with accepted chiropractic guidelines and that "[m]uch of [Valdivia's] chiropractic care would likely have been rendered unnecessary if her treating chiropractors or physicians had undertaken an appropriate transition to active care."[9] Dr. McMillin also noted that Dr. Coogan relied on an outdated version of relevant chiropractic guidelines and that Dr. Nabholz charged Valdivia for unsupervised therapeutic exercise sessions despite the fact that standards of practice require such sessions to be supervised.

Turngren presented evidence that at least some of the treatment Valdivia received was unnecessary, unreasonable, or otherwise inappropriate. On the basis of this evidence, a jury could have concluded that Valdivia was entitled to less than the total amount of damages she sought. Weighing the competing opinions of the doctors is a task for the jury. According, the trial court erred in granting partial summary judgment in favor of Valdivia.

---

[8] CP at 176.
[9] CP at 133-34.

5

We reverse the trial court's order granting partial summary judgment and remand for trial.

Trickey, ACJ

WE CONCUR:

Dwyer, J.          Becker, J.